**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OLUWASOLA AJDAHUN,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:11-2005 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| **THE DEPARTMENT OF HOMELAND SECURITY**, *et. al.*, | : | |
| | : | |
| Respondents | | |

# REPORT AND RECOMMENDATION[1]

On October 27, 2011, the petitioner, an inmate incarcerated at the York County Prison at York, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). Ajdahun[2] brought the instant action to challenge his detention in immigration custody. §2241 is the proper vehicle for individuals alleging that they are being illegally detained in immigration custody. See *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] There is some confusion as to the spelling of Ajdahun. On the caption to his petition and his typed signature line, he spells it Ajdahun, with no "I". Once in his petition, he spells it Ajidahun, and in the handwritten signature it appears to be spelled Ajidahun, and respondents spell it Ajidahun, with an "I". Because petitioner himself spells it two different ways in his petition, for the sake of clarity, the court will use the spelling Adjahun, no "I," as it is currently spelled on the docket.

2491, 150 L. Ed. 2d 653 (2001). Named as respondents are the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Janet Napolitano, Thomas Decker, David Clark and John Morton.

A response to the petition, along with a supporting exhibit, were filed by respondents on December 28, 2011. (Doc. No. 8). No traverse has been filed. Thus, the matter is ripe for disposition. Now, therefore, for the following reasons, we will recommend that the petition be **DISMISSED.**

## I.  BACKGROUND

According to his petition, Adjahun plead guilty to a Theft by Shoplifting charge in 2004 and was sentenced to probation and community service for the crime. According to petitioner, this is his only criminal offense. He then asserts that in 2011 he was taken into immigration custody by ICE agents.

Ajdahun asserts that he is being illegally detained because he was not taken into ICE custody "when" he was released from criminal custody, but years later, contrary to 8 U.S.C. §1226(c)(1) which states "[t]he Attorney General shall take into custody any alien who – (A) is inadmissible by reason of having committed any offense covered in [8 U.S.C. §1182(a)(2). . . when the alien is released . . ."

Ajdahun's recitation of the facts omits pertinent information. According to respondents, Ajdahun is presently in the United States illegally, he was admitted to the United States in 2001 for a six-month period as a nonimmigrant visitor for pleasure and he has remained in the United States

ever since without further authorization.

Respondents confirm that Adjahun was convicted in 2004 of theft by shoplifting and was sentenced to a fine and probation. Additionally respondents indicate that in 2011, Ajdahun was convicted of possession of false government documents and was sentenced to probation before judgment.[3] As a consequence of this second conviction, the DHS placed an immigration detainer on him and Ajdahun was released to DHS custody. The DHS sought Ajdahun's removal pursuant to 8 U.S.C. §1227(a)(1)(B) for overstaying his authorized period of nonimmigrant admission and also based on 8 U.S.C. §1227(a)(2)(A)(ii) for committing two crimes of moral turpitude. Many removal proceedings were held and many continuances were granted in order to give Ajdahun the opportunity to prove that he was married to a United States citizen (although he never did produce the alleged wife) and also to give him the opportunity to seek a visa to remain in the United States. Currently, his visa application is pending with the United States Citizenship and Immigration Services ("USCIS").

## II.   DISCUSSION

ICE has the authority to detain an alien subject to a removal decision

---

[3] Also, Adjahun was arrested in 2005 for forgery, false identification documents and theft by shoplifting, but Adjahun failed to appear, and no disposition was reported. There is an outstanding warrant for Adjahun's arrest in Georgia, but Georgian authorities indicated to respondents that they would not seek extradition.

pursuant to 8 U.S.C. §1226(a)(1). ICE also has the authority to release an alien subject to a removal decision on bond pursuant to 8 U.S.C. §1226(a)(2). However, certain aliens subject to a removal decision are not eligible for release on bond, these are aliens subject to a removal decision who have committed any of the enumerated crimes listed in 8 U.S.C. §1226(c)(1)(A)-(D).

Adjahun is subject to mandatory detention pending a removal decision pursuant to 8 U.S.C. §1226(c)(1)(B), which states, "[t]he Attorney General **shall** take into custody any alien who – is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." (Emphasis added). Because Adjahun has two convictions for crime involving moral turpitude - the 2004 theft by shoplifting conviction and the 2011 possession of false government documents conviction, he is subject to the mandatory detention provision of 8 U.S.C. §1226(c)(1)(B) for having committed an offense covered in 8 U.S.C. §1227(a)(2)(A)(ii), which covers "any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."

Adjahan devotes his entire petition to arguing that he is being illegally detained because he was not taken into ICE custody "when" he was released from criminal custody after the 2004 shoplifting conviction, but years later,

contrary to 8 U.S.C. §1226(c)(1) which states "[t]he Attorney General shall take into custody any alien who – (A) is inadmissible by reason of having committed any offense covered in [8 U.S.C. §1182(a)(2). . . when the alien is released . . ." However, Adjahan completely neglects to mention that he was convicted in 2011, for false possession of government documents. Moreover, he neglects to mention that after he was convicted on March 15, 2011for the possession of false government documents, two days later, on March 17, 2011, he was directly released into DHS custody.

### III.   RECOMMENDATION

**(1)**   On the basis of the foregoing, it is recommended that the Petition for Habeas Corpus (Doc. No. 1) be **DISMISSED.**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: May 14, 2012**
O:\shared\REPORTS\2011 Reports\11-2005-01.wpd

5